UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERARDO M. VACA, ) | |
| ) | |
| Plaintiff, ) | No. 1:21-CV-05440 |
| ) | |
| v. ) | |
| ) | Judge Edmond E. Chang |
| Bridge Commercial Real ) | |
| Estate-Illinois, LLC; BOF IL 2300 ) | |
| Cabot Drive, LLC; and Linda Lee, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case started out in state court, where Gerardo Vaca filed a personal-injury lawsuit against Linda Lee. R. 1-2, Am. Compl.[1] ¶ 52. Vaca alleges that Lee negligently caused the injuries that he sustained at a building where Lee worked as the property manager. Vaca later amended the complaint to add Bridge Commercial Real Estate–Illinois, LLC (call it Bridge for short) and BOF IL 2300 Cabot Drive, LLC (the Opinion will call that entity Cabot) as defendants. *Id.* Bridge is the management company of the building and Cabot is the owner of 2300 Cabot Drive. *Id.*

The Defendants removed the action to federal court, alleging that there is complete diversity of citizenship between Vaca and, on the other side, Defendants Bridge and Cabot. R. 1, Not. of Removal ¶¶ 7, 9. But Vaca and Lee are both citizens of

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

Illinois. To overcome that obstacle, the Defendants argue that Lee has been fraudulently joined in this lawsuit and that her citizenship should be disregarded in assessing diversity jurisdiction. *Id.* at ¶ 10. In response, Vaca filed a motion to remand the case back to state court, arguing that he did not fraudulently join Lee to this lawsuit. R. 12, Mot. to Remand ¶ 15. For the reasons explained in this Opinions, Vaca is right: Lee is not fraudulently joined, so the case must be remanded back to state court.

## I. Background

For purposes of assessing fraudulent joinder, the complaint's allegations must be accepted as true. This case arose from an accident at the 2300 Cabot Drive property. Linda Lee was the property manager and, Vaca alleges, she was responsible for maintaining and overseeing the daily operations of the property. Am. Compl. ¶¶ 10–11. Before the accident, Cabot entered into a window-washing contract with Superior Service Solutions. *Id.* ¶ 18. Lee acted as Cabot and Bridge's agent in negotiating the contract for Superior's work. *Id.* ¶ 19. During the negotiation, Lee informed Superior that the tiebacks on the building's roof could not be used by window washers to repel down the side of the building. Mot. to Remand ¶ 4. So Lee sought out Superior's advice on how to clean the windows from the ground. *Id.* ¶ 4. As a result of that information, Superior decided to use an 85-foot boom lift to hoist workers up to the windows. Am. Compl. ¶ 20.

Superior hired Vaca as a window washer to work at the Cabot property. Am. Compl. ¶¶ 33–34. To wash the north side of the property, Vaca had to park the boom

lift on the top level of a two-level parking garage. *Id.* ¶ 31. On the day of the accident, Vaca was in the basket of the boom lift when, unfortunately, there was a structural failure in the garage, and the floor underneath the lift partially collapsed. Am. Compl. ¶ 37. Vaca fell out of the lift and sustained injuries because of the collapse. *Id.* ¶ 38. The concrete in the garage had cracked before and had supposedly been repaired. Mot. to Remand ¶¶ 15, 19. But Lee did not investigate or otherwise ensure that the garage could withstand the weight of the 85-foot boom lift. Am. Compl. ¶¶ 39–40. Lee also did not notify Superior nor Vaca of any safety concerns about parking the lift on the garage. *Id.* at ¶ 45.

Vaca filed the personal-injury lawsuit in the Circuit Court of Cook County on a single negligence claim against Linda Lee. Not. of Removal ¶ 2. In response, Lee filed a motion to transfer venue from Cook County to DuPage County (where the accident happened). *Id.* ¶ 3. Later (and still in state court), Vaca amended the complaint to add Bridge and Cabot as defendants. Am. Compl. The Defendants then filed a notice of removal, 28 U.S.C. § 1446(a), arguing that the Court has diversity jurisdiction, 28 U.S.C. §1332(a), alleging that Bridge and Cabot are Delaware citizens. Not. of Removal ¶ 9. The Defendants acknowledged, however, that Vaca and Lee are not diverse in citizenship because they are both Illinois citizens. *Id.* ¶¶ 10–11. But the Defendants contend that Vaca fraudulently joined Lee in this lawsuit, and thus her citizenship should be disregarded in assessing diversity. *Id.* Vaca has moved to remand the case back to state court, 28 U.S.C. § 1447, arguing that Lee was not fraudulently

3

joined and that her Illinois citizenship destroys complete diversity. Mot. to Remand ¶ 19.

## II. Standard of Review

A non-diverse defendant is considered fraudulently joined and may be disregarded for purposes of determining diversity jurisdiction where a plaintiff "join[s] an in-state defendant solely for the purpose of defeating federal diversity jurisdiction." *Schwartz v. State Farm Mut. Auto Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). Despite the doctrine's name, actual "fraud" is not needed to successfully invoke fraudulent joinder. *See Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011). Instead, "[t]o establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (emphasis in original omitted). Put differently, the defendant must show that the plaintiff's claim has "no chance of success" against the non-diverse defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *see also Wilson v. Republic Iron & Steel Co*, 257 U.S. 92, 97 (1921) (explaining that a plaintiff cannot defeat removal by naming a non-diverse party who has "no real connection" with the dispute before the court).

"If the removing defendant can meet this 'heavy burden,' [then] the federal court considering removal may disregard, for jurisdictional purposes, the citizenship of [those] nondiverse defendants, assume jurisdiction over [the] case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Morris*, 718 F.3d at 666; *Poulos*,

4

959 F.2d at 72. The Seventh Circuit has suggested that this "burden is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 764 (7th Cir. 2009).

### III. Analysis

Vaca brings negligence claims against Cabot, Bridge, and Lee. Am. Compl. As dictated by the fraudulent joinder doctrine, the Court "must turn to state law to determine whether the plaintiff has any reasonable possibility of success." *Schur*, 577 F.3d at 764. The question turns on whether the Defendants have met their burden of showing that there is no reasonable possibility that Vaca can prevail against Lee on the negligence claim.

To establish a valid claim for negligence under Illinois law, "a party must demonstrate that the defendant owed him a duty, that the defendant breached this duty, and that he suffered an injury that was proximately caused by the defendant's breach." *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir. 2009). The Defendants argue that Vaca has no reasonable possibility of success against Lee because (1) Lee does not owe a duty to Vaca merely because of Lee's status as an area property manager for Bridge; and (2) Vaca cannot recover for negligence as a matter of law because Lee did not owe Vaca an independent duty of care. R. 19, Defs.' Resp. to Pl.'s Mot. to Remand at 2.

Based on the allegations—which the Court must accept as true—and construing them in the light most favorable to Vaca, there is a reasonable possibility that

Lee owed an individual duty of care to Vaca. Under Illinois law, the existence of legal duty rests on four things: (1) the reasonable foreseeability of the injury; (2) the likelihood of the injury; (3) the magnitude of the burden of guarding against the injury; and (4) the consequence of placing that burden on the defendant. *Simpkins v. CSX Transp., Inc.*, 965 N.E.2d 1092, 1097 (2012). Whether an independent duty exists, as an element of a negligence claim, is a question of law. *Widlowski v. Durkee Food, Div. of SCM Corp.*, 562 N.E.2d 967, 968 (1990). A defendant owes an ordinary duty of care to the plaintiff when the parties were in a relationship that imposes obligations on the plaintiff toward the defendant. *Id.*

More specifically, "[i]t is well settled that every person owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act, and such a duty does not depend upon contract, privity of interest or the proximity of relationship, but extends to remote and unknown persons." *Widlowski*, 562 N.E.2d at 968; *see Schur*, 577 F.3d at 766 (explaining that an independent duty applied where the plaintiff died as a result of the defendant's "[failure] to adequately train, supervise, and/or instruct the staff" regarding diet supplements) (cleaned up).

The defense primarily relies on *Hoidas v. Wal-Mart Stores*, 2010 WL 1790864, at *1 (N.D. Illinois, April 30, 2010), to support the argument that Lee's managerial title does not impose a duty of care toward Vaca. Defs.' Resp. at 7. But that case is not the same as Vaca's. In *Hoidas*, the plaintiff was injured in the parking lot of a Wal-Mart store, and later sued Wal-Mart and the manager of the same store where

she fell. 2010 WL 1790864, at *1. The plaintiff alleged that the manager owed her a duty of care because of his managerial position—but the plaintiff failed to make any factual allegations that the manager was somehow directly and actively involved in what led to her injury. *Id.* at *2. The court held that the manager was fraudulently joined because the manager did not owe any individual duty to the plaintiff. *Id.*

Vaca's case is different. Yes, Lee would not owe Vaca a duty of care merely because of Lee's employee status as a manager of the building. Under the law of agency, an agent's breach of duty to the principal is not itself a basis for holding an agent liable in tort to a third party. *See Schur*, 577 F.3d at 765; Restatement (Third) of Agency § 7.02. But Vaca has alleged more than enough facts to hold Lee liable for negligence based on her active involvement in what caused the accident: the collapse of the garage.

Specifically, Lee was actively involved in the negotiation of the window-washing contract. Am. Compl. ¶ 22. While discussing the contract, Lee notified Superior that the tiebacks on the roof of the building could not be used to repel down the side of the building to wash the window, which required Superior to use the boom lift from the ground. Mot. to Remand ¶ 4. Although that factual contention is not explicitly in the Amended Complaint, that is a classic example of the difference between fraudulent joinder (which requires the defense to show no reasonable possibility of liability) versus the usual Civil Rule 8(a) pleading standard (which requires plausibility and more concrete factual allegations). That factual contention is entirely consistent with the Amended Complaint's assertion that Lee was "actively involved" in the

7

negotiation of the service contract that required Superior to park the 85-foot boom lift to reach the windows. Am. Compl. ¶ 27. Put another way, Lee played a direct role in requiring the boom lift to be used and Lee should have known (at least Vaca plausibly alleges, *id.* ¶ 32) that, given the location of the parking garage, the lift would have to be parked on the garage for at least some of the windows. Indeed, as Lee averred in an affidavit when moving to transfer the case to DuPage County, she manages and oversees the daily operation of the property. Motion to Remand ¶ 4. At this stage of the case, now is not the time to fully litigate Lee's liability. The only question now is whether there is a reasonably *possibility* of liability. Viewing the facts in light most favorable to Vaca, the Defendants have not met their heavy burden of establishing that Vaca has no reasonable possibility of prevailing against Lee on the negligence claim.

## IV. Conclusion

Lee was not fraudulently joined as a defendant, so her Illinois citizenship destroys diversity jurisdiction. The motion to remand is granted and the case is remanded forthwith to the Circuit Court of Cook County. The status hearing of July 22, 2022, is vacated.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: July 21, 2022